**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| Nakia Meadows,<br>Plaintiff,<br>v.<br><br>I.C. System Inc.; and TransUnion, LLC,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT** |

## I. INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on Plaintiff's consumer credit report, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## II. PARTIES

2. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

3. Defendant, I.C. System Inc., (hereinafter "I.C. System") is a corporation existing and operating under the laws of the State of Georgia and is a financial institution and a furnisher of consumer credit information to consumer reporting agencies.

4. At all times pertinent hereto, I.C. System was a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

5. Defendant, TransUnion, LLC, ("TransUnion") is a credit reporting agency, licensed to do business in Georgia and regularly does business in the state of Georgia.

6. Defendant TransUnion is, and at all times relevant hereto was, regularly doing business in the State of Georgia.

7. TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681d, to third parties.

8. TransUnion furnishes such consumer reports to third parties under contract for monetary compensation.

9. At all times pertinent hereto, Defendant TransUnion was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

## III. JURISDICTION AND VENUE

10. That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA").

11. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

12. Personal jurisdiction exists over Defendants as Plaintiff resides in Georgia, Defendants have the necessary minimum contacts with the state of Georgia, and this suit arises out of specific conduct with Plaintiff in Georgia.

## IV. FACTUAL ALLEGATIONS

13. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants I.C. System and TransUnion (collectively, "Defendants") and has suffered particularized and concrete harm.

14. TransUnion is one of the largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

15. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

16. TransUnion has a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

17. The Plaintiff discovered an I.C. System account balance $909 (the "Account") being reported in error – specifically the Account is reporting service equipment that was returned to Xfinity 11/29/2021.

18. Despite receiving the full benefit of payoff and return of equipment for the Account, I.C. System continues to report a past due balance for the Account as reported on Plaintiff's consumer report.

19. The false and misleading information regarding the Account appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

20. The reporting of the Account overstates the number of delinquent Accounts on Plaintiff's credit report, and it overstates the amount of outstanding debt in Plaintiff's name.

21. The inaccurate Account has become a permanent component of the Plaintiff's credit profile and is reported to those who ask to review the credit history of Plaintiff.

## PLAINTIFF'S WRITTEN DISPUTE

22. On or about May 5, 2026, Plaintiff sent a written dispute to TransUnion (the "Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's TransUnion consumer report.

23. Despite the clarity and detail provided in the Dispute, the Account, with a past due balance continued to appear on the Plaintiff's TransUnion consumer report.

24. Upon information and belief, TransUnion forwarded Plaintiff's Written Dispute to Defendant I.C. System.

25. Upon information and belief, I.C. System received notification of Plaintiff's Written Dispute from TransUnion.

26. I.C. System did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying Account information with respect to the disputed information and the accuracy of the Account.

27. TransUnion did not conduct an investigation, contact Plaintiff, contact third-

parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

28. Upon information and belief, I.C. System failed to instruct TransUnion to remove the false and misleading information regarding the Account reporting on Plaintiff's consumer report.

29. TransUnion employed an investigation process that was not reasonable and did not remove the false information regarding the Account identified in Plaintiff's Written Dispute.

30. At no point after receiving the Dispute did I.C. System and/or TransUnion communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute.

31. TransUnion relied on its own judgment and the information provided to it by I.C. System rather than grant credence to the information provided by Plaintiff.

32. TransUnion published the false and misleading information regarding the Account to third parties.

33. The Plaintiff was denied credit due to the erroneous information associated with the Account.

34. The Plaintiff refrained from needed credit applications due to the erroneous information associated with the Account, including a home loan.

35. Plaintiff has lost time working to resolve the adverse information associated with the Account to prevent harm.

## COUNT I – TRANSUNION

## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

36. Plaintiff re-alleges and reaffirms the above paragraphs 1-35 as though fully set forth herein.

37. After receiving the Dispute, TransUnion failed to correct the false and misleading information regarding the Account reporting on Plaintiff's consumer reports.

38. TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

39. As a result of this conduct, action and inaction of TransUnion Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

40. TransUnion's conduct, action, and inaction was willful, rendering TransUnion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

41. In the alternative, TransUnion was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

42. Plaintiff is entitled to recover costs and attorneys' fees from TransUnion pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – TRANSUNION

## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

43. Plaintiff re-alleges and reaffirms the above paragraphs 1-35 as though fully set forth herein.

44. After receiving the Dispute, TransUnion failed to correct the false and misleading information regarding the Account reporting on Plaintiff's consumer reports.

45. TransUnion violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

46. As a result of this conduct, action and inaction of TransUnion, Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

47. TransUnion's conduct, action, and inaction was willful, rendering TransUnion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

48. In the alternative, TransUnion was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

49. Plaintiff is entitled to recover costs and attorneys' fees from TransUnion pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – I.C. SYSTEM

## Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b)

50. Plaintiff re-alleges and reaffirms the above paragraphs 1-35 as though fully set forth herein.

51. After receiving the Dispute, I.C. System failed to correct the false and misleading information regarding the Account reporting on Plaintiff's consumer report.

52. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant I.C. System's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant I.C. System's representations to consumer credit reporting agencies, among other unlawful conduct.

53. As a result of this conduct, action, and inaction of Defendant I.C. System, Plaintiff suffered damages and continues to suffer actual damages including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

54. Defendant I.C. System's conduct, action, and inaction was willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

55. In the alternative, Defendant I.C. System was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

56. Plaintiff is entitled to recover costs and attorney's fees from Defendant I.C. System pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks his statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated: August 19, 2026

*/s/ Esther Oise*
Esther Oise, Esq. (GA Bar #686342)
Oise Law Group PC

2635 Governors Walk Blvd.
Snellville, GA 30078
Email: oiselaw@gmail.com
Telephone: (770) 895-3736
Attorney for Plaintiff